UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES EDWARD BOYLE                              CIVIL ACTION

VERSUS                                          NO. 14-855

WALTER REED, INDIVIDUALLY                       SECTION "C"(4)
AND IN HIS OFFICIAL CAPACITY AS DISTRICT
ATTORNEY FOR THE 22nd JUDICIAL DISTRICT

## ORDER AND REASONS

This matter comes to the court on defendants' Motion to Dismiss pursuant to Fed. R. Civ.

P. 12(b)(6), or alternatively 12(c). Rec. Doc. 12. The plaintiff, James Boyle, opposes. Rec. Doc.

13. Having considered the record, the law, and the submissions of both parties, the court hereby

GRANTS IN PART and DENIES IN PART defendant's motion.

## BACKGROUND

This action arises out of the arrest and detention of plaintiff, James Boyle ("Boyle"), the

proprietor of James E. Boyle, CPA, L.L.C. ("Boyle, L.L.C.") on or about April 16, 2013. Rec.

Doc. 1 ¶14, at 5; ¶16 at 5. The following facts are alleged by Boyle in his Complaint and

Amended Complaint.

Boyle, L.L.C. hired Daniel Harper as a subcontractor in 2008. *Id.* ¶3 at 2. Following

Harper's term of employment, Boyle L.L.C. issued two checks totaling $2,500 in exchange for

Harper's services. *Id.* ¶6, at 3. Harper waited over a year to attempt to cash or deposit the checks,

by which time the account that the checks had been drawn on had been closed. *Id.* ¶11, at 4; ¶8 at

3. Harper wrote to Boyle, L.L.C. about the refused checks, and in its reply letter, Boyle L.L.C.

1

offered to reissue payment if Harper executed a release agreement. *Id.* However, Harper never

responded. *Id*. ¶12, at 5. Harper subsequently filed a complaint with the District Attorney or a

third party who involved the District Attorney. *Id.* ¶6 at 3. These actions led to Boyle's arrest at

his business office in Mandeville, LA on or about April 16, 2013. *Id*. ¶ 16, at 5. The District

Attorney later refused or dismissed the charges against Boyle based on information that Boyle

provided. *Id.* ¶ 18, at 6.

Boyle and Boyle, L.L.C. initiated this action on April 11, 2014, claiming violation of his

constitutional rights under 42 U.S.C. §1983 and state law causes of action for defamation, libel,

slander, false arrest, false imprisonment, and malicious prosecution. Rec. Doc. 1 ¶20, at 7. In the

initial complaint filed on April 11 ("Initial Complaint"), Boyle named as defendants the 22nd

Judicial District Attorney's Office and Walter Reed in his individual and official capacity as

District Attorney for the 22nd Judicial District. Rec. Doc. 1. Boyle alleged that the defendants

failed to adequately investigate Harper's claims before seeking a warrant for Boyle's arrest. *Id.*,

¶13, 15 at 5. Boyle also claimed that the defendants established customs and policies for

obtaining and evaluating evidence and investigating potential crimes prior to seeking an arrest

warrant that inadequately guarded against constitutional violations. *Id*. ¶24 at 8. In a prior order,

the Court dismissed the District Attorney's Office and Boyle LLC as parties to the action. Rec.

Doc. 10 at 3-4. In addition, the Court found that none of the parties had properly addressed the

requirements for stating a claim of municipal liability under §1983, and granted Boyle, the

remaining plaintiff, leave to amend his complaint to plead facts showing that his arrest violated

his Fourth Amendment rights. *Id.* at 6. Finally, the Court denied defendants' claim of absolute

immunity and deferred ruling on the question of qualified immunity until after Boyle had amended his complaint. *Id*. at 9-10.

Following the Court's ruling, Boyle filed an amended complaint on September 12, 2014, which alleged that Reed had acted as an affiant in securing an arrest warrant and that Reed's actions and omissions in the investigation of Harper's statements violated Boyle's Fourth Amendment rights and led to the issuance of an invalid arrest warrant. Rec. Doc. 11 ¶39, 40, 43 at 4-5.

On October 3, Reed, the sole remaining defendant, moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or 12(c). Rec. Doc. 12. In the current motion, Reed, in his official and individual capacity, raises several grounds for dismissal: 1) that Boyle has failed to allege the elements needed to establish municipal liability under Section 1983; 2) that Boyle has failed to allege Reed's personal involvement in his claims against Reed in his individual capacity; and 3) that Reed is entitled to either absolute or qualified immunity. Rec. Doc. 12.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) may be granted when a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The well-pleaded factual allegations of the complaint, taken as true, must raise the plaintiff's right to recover above

3

the speculative level. *Twombly*, 550 U.S. at 555-56. Facts from which the court could infer the mere possibility of liability will not suffice. *Ashcroft*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of these facts is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

On a motion to dismiss, the court must take all well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Nevertheless, "conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by document appended to the complaint." *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974).

## ANALYSIS

Reed argues that Boyle fails to state a claim under 42 U.S.C. §1983 against Reed in both his official and individual capacity.

### A. Claims against Reed in his official capacity

In *Monell v. Department of Social Services of City of New York*, the U.S. Supreme Court held that a local government may be sued under §1983 only if the alleged constitutional violation arose from "the execution of a government's policy or custom, whether made by its lawmakers or those whose edicts or acts may fairly be said to represent official policy. . ." 436 U.S. 658, 694 (1978). To succeed on a *Monell* claim, the plaintiff must establish: 1) an official policy or

4

custom, of which 2) a policymaker can be charged with actual or constructive knowledge, and 3) a constitutional violation whose "moving force" is that policy or custom. *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010). Reed argues that Boyle has failed to establish any of these elements.

### 1. Official policy or custom

Reed contends that Boyle has failed to show that a policy or custom formulated by Reed played a part in the violation of federal law, and that the single incident alleged in the Initial Complaint and Amended Complaint is insufficient to establish liability. Rec. Doc. 12-2 at 7. Under Fifth Circuit precedent, a plaintiff may establish municipal liability by alleging 1) a policy that is "officially adopted and promulgated" by the municipality or official with policy-making authority, or 2) a policy that although not officially adopted and promulgated, is "so common and well settled as to constitute a custom that fairly represents municipal policy." *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). In addition, plaintiffs can establish liability by 3) alleging a single unconstitutional action by a municipal actor, provided that the actor is a final policymaker. *Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008). Finally, 4) a policymaker's failure to act or a facially innocuous policy that nonetheless results in constitutional violations can form the basis for §1983 liability. *Burge v. St. Tammany Parish*, 336 F.3d 363, 369-70 (5th Cir. 2003).

Here, Boyle has made several allegations against Reed in his official capacity. First, Boyle claims that Reed has established policies for investigating and evaluating evidence that resulted in the violation of Boyle's constitutional rights. Rec. Doc. 11 ¶55 at 9-10. The Court

5

interprets this claim as stating a facially innocuous policy that results in constitutional violations as described in *Burge v. St. Tammany Parish, infra*. Second, Boyle alleges that Reed himself caused Boyle's arrest, even acting as an affiant in obtaining a warrant against Boyle. *Id*. ¶43, 44 at 4-5. The Court takes these claims as stating a single unconstitutional action as delineated in *Bolton v. City of Dallas, Tex., infra*.

The U.S. Supreme Court has prohibited demanding a heightened pleading standard in §1983 claims against municipalities. *Jones v. Bock*, 549 U.S. 199, 212-13 (2008). Indeed, as other courts in this jurisdiction have held, "boilerplate allegations of inadequate municipal policies or customs are generally sufficient." *Clayton v. Columbia Cas. Co.*, No. 11-845, 2012 WL 2952531,*11 (M.D. La. 7/19/2012). Thus, Boyle has sufficiently alleged a custom or policy to survive a motion to dismiss.

### 2. Actual or constructive knowledge

Reed also argues that Boyle has failed to charge that Reed had actual or constructive knowledge of the policy in question, and thus cannot sustain a *Monell* claim. Rec. Doc. 12-2 at 4. When the official policy is unconstitutional on its face, then it follows that the official possessed the requisite knowledge. *Burge*, 336 F.3d 363, 370 (5th Cir. 2003). Where, as here, the policy or custom is facially innocuous, then a plaintiff must establish that the policy was "promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result." *Id*. (quotations omitted).

According to Reed, "[t]here is no allegation herein that Reed had actual knowledge or constructive knowledge of the alleged policy or custom at issue.' Rec. Doc. 12-2 at 4. However,

6

Reed is mistaken. Boyle has alleged that Reed established customs and policies for gathering and evaluating evidence and investigating whether a crime occurred, and that these customs and policies resulted in violations of Boyle's constitutional rights. Rec. Doc. 11 ¶55 at 10, ¶58 at 10-11. Boyle also alleges that Reed "can reasonably be said to have been deliberately indifferent to Boyle's constitutional and civil rights." *Id.* at ¶57. Boyle's assertion that Reed was deliberately indifferent is adequate for pleading actual or constructive knowledge at this stage. However, the Court notes that to prove deliberate indifference, Boyle will ultimately have to show "at least a pattern of similar violations." *Burge*, 336 F.3d at 370.

As previously discussed, Boyle also claims that Reed personally caused a warrant to be issued without adequately investigating the charges against Boyle. When alleging a single incident of official action, the requisite knowledge exists when "it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence" of the action in question. *Id.* at 373. Boyle alleges that a reasonable prosecutor would have investigated Harper's allegations further, and that Reed acted in reckless disregard of the fact that his actions would lead to the issuance of an invalid warrant. Rec. Doc. 11 ¶59-61. Thus, the Court is also satisfied that Boyle has alleged actual or constructive knowledge for the purpose of claiming a single incident exception.

### 3. Failure to investigate

Reed contends that a failure to investigate does not amount to a constitutional violation. Rec. Doc. 12-2 at 4-5. Reed cites *Simmons v. Wainwright*, in which the Fifth Circuit held that there is no *due process right* to sustain a claim of a prosecutor's failure to investigate and that the

7

failure to investigate "is not of constitutional dimension." 585 F.2d 95, 96 (5th Cir. 1978). In *Livermore v. Arnold*, which Reed also cites to, the opinion includes the qualifying language of the Fifth Circuit's opinion, stating that a prosecutor's failure to investigate is not of a constitutional dimension "because there is no such due process right." 2011 WL 693596, *7; Civ. A. 10-507 (E.D. La. 1/20/2011) In this case, Boyle alleges a Fourth Amendment violation, not a due process violation.

Indeed, there is ample precedent establishing that deficiencies in an officer's actions when seeking an arrest warrant can violate the Fourth Amendment and trigger §1983 liability. *See, e.g.*, *Malley v. Briggs*, 475 U.S. 335, 345 (1986) (When a warrant application "is so lacking in indicia of probable cause as to render official belief in its existence unreasonable", then §1983 liability may attach.) *See also*, *Spencer v. Staton*, 489 F.3d 658, 663 (5th Cir. 2007) ("[A]n officer, who is not an affiant [who provided the affidavit to support an arrest warrant], may be held liable. . ."), *quoting Michalik v. Hermann*, 422 F.3d 252, 261 (5th Cir. 2005).

Moreover, the Court finds that Boyle does not limit his assertions to a failure to investigate. Rather, as noted above, Boyle claims that Reed established policies for investigating and evaluating evidence that led to the violation of Boyle's constitutional rights. Rec. Doc. 11, ¶55 at 9-10. Boyle also claims that Reed was involved in seeking a warrant for Boyle's arrest. *Id*. ¶43-44 at 4-5. The Court finds that Boyle has pleaded sufficient facts as to these claims to survive a motion to dismiss under Rule 12(b). In *Erickson v. Pardus*, the U.S. Supreme Court stated that to meet the requirements of federal notice pleading, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the. . . claim is and the grounds

upon which it rests." 551 U.S. 89, 93 (2007) (internal quotations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555). Because Boyle has alleged a custom or policy that inadequately inquired into the existence of probable cause as well as a single incident in which Reed's failure to determine the existence of probable cause led to the issuance of an invalid warrant in violation of Boyle's Fourth Amendment rights, the Court declines to dismiss the action on this ground. Furthermore, the Fifth Circuit has previously found that a failure to put in place adequate policies and procedures to prevent constitutional violations can be grounds for §1983 liability, upon a showing that the policymaker was deliberately indifferent. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 472 (5th Cir. 1999). Thus, these claims will survive the motion to dismiss.

    *4. Malicious Prosecution*

        Reed also argues in this section that the Fifth Circuit has expressly held that malicious prosecution does not violate the Constitution and that no freestanding right to be free from malicious prosecution exists. Rec. Doc. 12-2 at 6, quoting *Devillier v. Calcasieu Parish Dist. Attorney's Office*, 2007 WL 2815846, *2 (W.D. La 7/19/2007). The *Devillier* court relied on the Fifth Circuit's opinion in *Castellano v. Fragozo*, which held that a stand-alone claim of malicious prosecution does not state a constitutional claim. 352 F.3d 939, 953 (5th Cir. 2004). However, the Fifth Circuit was careful to clarify that the initiation of criminal charges without probable cause "may set in force events that run afoul of explicit constitutional protection—the Fourth Amendment if the accused is seized and arrested." *Id*. Thus, the Court finds that under the Fifth Circuit's ruling in *Castellano*, Boyle's claim of malicious prosecution under §1983 must be

DISMISSED.

**B. Claims against Reed in his individual capacity**

      Reed also seeks to dismiss Boyle's claims against him in his individual capacity. According to Reed, the Amended Complaint makes no allegation that Reed was personally involved in the charging or investigation of Boyle. Rec. Doc. 12-2 at 11. However, here Reed fails to acknowledge that Boyle has alleged that Reed sought out an arrest warrant against Boyle and acted as an affiant before the justice of the peace. Rec. Doc. 11 ¶39 at 3; ¶40 at 3. These claims sufficiently allege Reed's personal involvement. Thus, Reed's motion to dismiss on this ground is DENIED.

      *1. Absolute immunity*

      In its previous order, the Court declined to extend absolute immunity from civil liability to the actions taken in connection with Boyle's case. Rec. Doc. 10 at 8-9. In the pending motion to dismiss, Reed asks the Court to reconsider its prior ruling. Reed points to *Kalina v. Fletcher*, in which the United States Supreme Court found that a prosecutor's activities in connection with "the preparation and filing of. . . the information and the motion for an arrest warrant . . . are protected by absolute immunity." 522 U.S. 118, 129 (1997). However, this Court draws a different conclusion from *Kalina*. In that case, the U.S. Supreme Court quoted approvingly the language from its opinion in *Buckley v. Fitzsimmons*, which stated:

> There is a difference between the advocate's role in evaluating evidence and interviewing witnesses as he prepares for trial, on the one hand, and the detective's role in searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested, on the other hand. When a prosecutor performs the investigative functions normally performed by a detective or police officer, it is neither appropriate nor justifiable that, for the same act, immunity should protect the one and not the other. 522

10

U.S. at 126, quoting *Buckley v. Fitzimmons*, 509 U.S. 259, 273 (1993). Thus, *Kalina* affirms the rule that a prosecutor performing investigative functions is not shielded by absolute immunity. Indeed, in *Malley v. Briggs*, the Supreme Court found that applying for a warrant for arrest, "while a vital part of the administration of criminal justice, is further removed from the judicial phase of criminal proceedings than the act of a prosecutor in seeking an indictment." 475 U.S. 335, 343-43 (1986). Thus, the Court found that the function of applying for a warrant did not merit absolute immunity. *Id.*

Here, Boyle has alleged that Reed received factual statements from Daniel Harper and relied upon these statements to seek an arrest warrant. Rec. Doc. 1 ¶13-16 at 5. Boyle also alleges that Reed acted as an affiant when seeking the arrest warrant. Rec. Doc. 11, ¶43 at 5. At the dismissal stage, the Court must take plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences in plaintiff's favor. *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205. Thus, the actions alleged by Boyle could fit within the investigative functions defined in by the U.S. Supreme Court in *Buckley v. Fitzsimmons* and the activities described in *Malley v. Briggs*, and the Court declines to extend absolute immunity to them at this stage.

Reed's motion to dismiss cites several decisions to support his argument that Reed's actions served a prosecutorial function and should be protected by absolute immunity. The Court finds that these cases do not support a finding that the actions alleged were prosecutorial in nature. In *Knapper v. Connick*, the Supreme Court of Louisiana held that a prosecutor's decision to withhold potentially exculpatory information was entitled to absolute immunity. 681 So.2d 944, 950 (La. 1996). In *Johnson v. Louisiana*, which Reed also cites, the U.S. District Court for

the Western District of Louisiana held that absolute immunity covered a prosecutor's failure to disclose impeachment material as well as a district attorney's failure to train, supervise, and establish an information system that resulted in *Brady* or *Giglio* violations. 2010 WL 996475, *8, Civ. A. 09-55 (W.D. La. 3/16/2010). However, the *Johnson* court declined to reach the question of whether absolute immunity extends to the failure to investigate. *Id*. at *10. Finally, in *Cousin v. Small*, the court found that absolute immunity applied*, inter alia*, to the suppression of exculpatory evidence, the presentation of the state's case at trial, and witness interviews conducted well after indictment and only a few weeks before trial. 2001 WL 617455, *4, Civ. A. 00-69 (E.D. La. 6/4/2001). None of the cases discuss the nature of a prosecutor's actions when seeking a warrant of arrest. Thus, these cases do not persuade the Court to overturn its previous denial of absolute immunity.

### D. Qualified Immunity

As an alternative to absolute immunity, Reed asserts that he is entitled to qualified immunity. Under Fifth Circuit law, a qualified immunity defense shields "a government official from civil liability for damages based upon the performance of discretionary functions if the official's acts were objectively reasonable in light of then clearly established law." *Atteberry v. Nocona General Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). When a defendant invokes qualified immunity, the burden shifts to the plaintiff to show the inapplicability of the defense. *Id*. at 253. The plaintiff must satisfy a two-prong test by showing, first, that the defendants committed a constitutional violation under current law, and second, that the defendant's actions were objectively unreasonable in light of clearly established law at the time of the actions. *Id*.

12

The U.S. Supreme Court has previously held that an officer applying for a warrant is entitled to qualified immunity. *Malley*, 475 U.S. at 343. In *Malley*, the Court held that officials seeking arrest warrants should be held to a standard of objective reasonableness when determining liability. Thus, "[o]nly where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable. . . will the shield of immunity be lost." *Id*. at 344 (quotations omitted). The Court clarified that the question of liability turns on "whether a reasonably well-trained officer. . . would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Id*. at 345. The Court finds that a determination of whether Reed acted reasonably in seeking a warrant for Boyle's arrest is premature. The reasonableness of Reed's alleged actions can only be adduced once more is known about what information was available to Reed when he sought the warrant, and what Reed presented to the magistrate judge to obtain the warrant. Thus, the Court will defer consideration of whether Boyle has met this burden until after the parties have had a chance to conduct limited discovery. *See, e.g.* 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3573.3  (3d ed.) ("The issue of qualified immunity is often resolved on motion for summary judgment.") Thus, the Court DENIES WITHOUT PREJUDICE Reed's motion to dismiss on the basis of qualified immunity, to be re-asserted once the parties have had an opportunity to conduct limited discovery on this issue.

13

Accordingly,

IT IS ORDERED that Reed's Motion to Dismiss is GRANTED in part and DENIED in part. The Court hereby dismisses Boyle's malicious prosecution claim and allows Boyle's remaining claims to proceed. Reed's defense of qualified immunity is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 31st day of December 2014.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

14